IN THE UNITED STATES DISTRICT COURT
AT COLUMBIA TENNESSEE

JILLIAN LEIGH STANTON, )
ANDREW ROBERT STANTON, )
PLAINTIFFS, and on behalf of )
FIVE (5) STANTON MINOR CHILDREN, )
 )
PLAINTIFFS, )
 )     No.
v. )
 )     JUDGE
 )     JURY DEMAND
THE CITY OF ETHERIDGE TENNESSEE, )
THE CHIEF OF POLICE OF ETHERIDGE )
TENNESSEE, IN HIS OFFICIAL CAPACITY, )
OFFICER JOSEPH FRAZIER, )
IN HIS OFFICIAL CAPACITY, AND )
INDIVIDUALLY, AND ONE UNKNOWN )
OFFICER, IN HIS/HER OFFICIAL )
CAPACITY, AND INDIVIDUALLY, )
 )
DEFENDANTS. )

## COMPLAINT

### I. INTRODUCTION

This is an action pursuant to *42 U.S.C. § 1893* arising from an unlawful seizure, an assault and battery, a false arrest, false imprisonment, and other violations of **PLAINTIFF, JILLIAN LEIGH STANTON'S** civil rights, at, or near, the City of Ethridge, Tennessee, on Memorial Day, May 27, 2024.

### II. JURISDICTION AND VENUE

1. This court has jurisdiction over this action for the **DEFENDANTS'** violations of the

1

**PLAINTIFFS'** state and federal civil rights, pursuant to the *Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution*, and *42 U.S.C. § 1983*.

2. Venue is proper in this Court, in that all **PLAINTIFFS** reside in Hendersonville, Sumner County, Tennessee, and the **PLAINTIFFS'** injuries are believed to have occurred on Tennessee Highway 43 at, or near, Ethridge, Tennessee; by Tennessee Law Enforcement Officers.

3. All individual **DEFENDANTS** named herein, were believed to be employed by law enforcement agencies, in Lawrence County, Tennessee; on May 27, 2024.

4. This is the first court action filed by the **PLAINTIFFS**, as a result of violations of their state and federally protected civil rights, pursuant to *42 U.S.C. § 1983*, in Lawrence County, Tennessee.

### III. THE PARTIES

5. **PLAINTIFF, JILLIAN LEIGH STANTON**, is a Tennessee and United States citizen, who resides in Hendersonville, Sumner County, Tennessee; and is the mother of the five (5) minor **STANTON** children.

6. **PLAINTIFF, ANDREW ROBERT STANTON,** is the Husband of **PLAINTIFF, JILLIAN LEIGH STANTON,** and the Father of the **STANTONS'** five (5) minor children, who is a Tennessee and United States citizen, who resides in Hendersonville, Sumner County, Tennessee.

7. The **PLAINTIFFS'** children present, who suffered injury by seeing their mother,

2

arrested and jailed are: **C. STANTON** - age ten (10) years old, **P. STANTON** - age eight (8) years old, **T. STANTON** - age six (6) years old, **B. STANTON** - age two (2) years old, and **C. STANTON** - age eight (8) weeks old, on May 27, 2024.

8. Each of **PLAINTIFF, JILLIAN LEIGH STANTON'S**, five (5) minor children, witnessed the officers' wrongful, and unlawful arrest of **PLAINTIFF, JILLIAN LEIGH STANTON**, on May 27, 2024.

9. **OFFICER, JOSEPH FRAZIER**, is believed to have been an employee of the Ethridge Tennessee Police Department, acting under color of law, when he unlawfully arrested **PLAINTIFF, JILLIAN LEIGH STANTON**, on May 27, 2024.

10. **UNIDENTIFIED OFFICER**, who accompanied **DEFENDANT FRAZIER**, at the arrest of **PLAINTIFF, JILLIAN LEIGH STANTON**, acting under color of law, is believed to be an employee of a Tennessee Law Enforcement Agency. **UNIDENTIFIED OFFICER** is believed to be fully identified during the discovery process.

11. The **DEFENDANT, CHIEF OF POLICE FOR ETHRIDGE POLICE DEPARTMENT**, on May 27, 2024; should be more fully identified in the discovery process.

12. The **DEFENDANT, CITY OF ETHRIDGE** is believed to be an incorporated town within the State of Tennessee, that employs, and authorizes its police department, as a Law Enforcement Agency. **DEFENDANT CHIEF OF POLICE, DEFENDANT OFFICER FRAZIER**, were believed to be employees of **THE ETHRIDGE POLICE DEPARTMENT**, and **THE CITY OF ETHRIDGE**, when the **PLAINTIFFS'** injuries occurred.

3

## IV. STATEMENT OF FACTS

13. At all times on May 27, 2024; It is believed that the **CITY OF ETHRIDGE, TENNESSEE**; and the **ETHRIDGE POLICE DEPARTMENT**, employed **DEFENDANT POLICE CHIEF** and **DEFENDANT OFFICER JOSEPH FRAZIER**.

14. On or about May 25, 2024, the **PLAINTIFFS, STANTONS**, two parents and their five (5) minor children, arrived at Davy Crockett State Park, intending to enjoy family time with each other, for the holiday weekend.

15. During the night and early morning of Memorial Day, thunderstorms and rain, soaked the **STANTON** family, sleeping in a multi-person canvas tent.

16. When the rain cleared on May 27, 2024, the rain soaked Stanton family packed up their children and camping gear, into their two automobiles.

17. The Plaintiffs, **STANTON PARENTS**, were each driving one automobile, along State Highway 43, at or near Ethridge, Tennessee.

18. Sometime about 10:30 or 11:00 A.M., **MS. STANTON** decided to stop for a cup of coffee. She noticed a "quick stop" type of market, and began to enter it's parking lot. **MS. STANTON** observed that the business was closed, and began to drive back onto Highway 43, still looking for coffee.

19. Before finding coffee, **MS. STANTON, WITH CHILDREN**, were seized by **OFFICER JOSEPH FRAZIER**, of the Ethridge Police Department, using the

4

emergency lights of the City of Ethridge's marked police car.

20. **OFFICER FRAZIER**, acting under color of law, informed **PLAINTIFF, MS. STANTON**, to exit the automobile for field sobriety examinations.

21. **PLAINTIFF, MS. STANTON**, fully cooperated, but informed **OFFICER FRAZIER** she had no intoxicants in her system, whatsoever.

22. **OFFICER FRAZIER**, unlawfully arrested **MS. STANTON**, charging her with Driving Under the Influence of Intoxicants, placed handcuffs on her, and transported her to a holding facility, inside a law enforcement building. All of this took place in front of the **PLAINTIFF'S HUSBAND** and their five (5) minor children, the youngest being eight (8) weeks old and breastfeeding.

23. Another **UNKNOWN OFFICER** acting under color of law, stood by as **OFFICER FRAZIER** seized, hand cuffed, and transported **MS. STANTON**, with **NO LAWFUL REASON FOR SAID ARREST**. Both Officers had a constitutional duty, not to seize, arrest and transport an innocent person.

24. **PLAINTIFFS, MR. AND MRS. STANTON,** and their five (5) minor children's extreme emotional stress began, as they all witnessed **DEFENDANT FRAZIER** seize, arrest, handcuff and place **MS. STANTON** into a police car, and drive her away.

25. **DEFENDANT FRAZIER** took **MS. STANTON** to a hospital, against her will, for a withdrawal of **MS. STANTON'S** blood. That unlawful search completed, **MS. STANTON** was driven to a place of lockup, with other officers nearby.

26. For some length of time, **MS. STANTON** pleaded with all uniformed officers to allow her to feed her eight (8) week old son. Her breasts demanded she feed her son. Not being allowed to feed her son, caused **MS. STANTON, GREAT** physical pain, and emotional distress.

27. After what seemed like hours, a female officer brought the infant to **MS. STANTON** to breastfeed. **MS. STANTON** was directed into a dark cinderblock restroom, **where she had no choice but to sit on a commode to feed her child**.

28. After feeding, the female officer took the infant from **MS. STANTON**, and again locked **MS. STANTON** in some sort of cell, holding area, again alone. She could not see her children, or communicate with her husband, **causing MS. STANTON horrible emotional distress**.

29. **MS. STANTON** was told by authorities that she would be held in jail overnight, which caused a panic attack upon **MS. STANTON**. **MS. STANTON** had never ever been arrested, or separated from her infant son for one hour, certainly not overnight, nor had she ever been held in any jail.

30. **MS. STANTON** was experiencing extreme emotional distress from her arrest, blood being drawn, separation from her family, and being jailed for hours, **when she knew she committed no crime**!

31. Later **MS. STANTON** was again and again humiliated by being photographed and fingerprinted, causing ever more emotional distress to her.

32. **MS. STANTON** was then told she was under a **One Thousand Dollar ($1,000.00) bond**; in order for her to be released from jail. Once again, a panic attack occurred,

6

because **the family only had enough gas money to get home to Sumner County, Tennessee**.

33. Somewhat later, someone told **MS. STANTON** she would be released "R.O.R."; and she was then ordered **"not to drive an automobile for another twelve (12) hours"**.

34. **MR. AND MS. STANTON** then had to arrange for one (1) of their automobiles to be parked in Lawrence County, and had to stuff the entire family into one (1) automobile to get home. Then another five (5) hour trip was later required to recover the automobile left in Lawrence County, to get it home.

35. Then, **MR. AND MRS. STANTON** spent hours upon hours, for days, and weeks, trying to explain all the aforestated horrible experiences of **MS. STATON'S** arrest, handcuffing, being searched, put into a police car, taken to jail, separated from all of her children for hours, being fingerprinted and photographed, having blood drawn from her body, being notified she had to post a bond, **MR. STANTON** going to arrange **MS. STANTON'S** bond, having to feed her infant child inside a jail restroom, sitting on a toilet; then **MS. STANTON** being released from custody, but ordered not to drive any automobile for twelve (12) hours.

36. Then, **MR. AND MRS. STANTON** themselves, had to try to make some sense of all the horrible things that happened to **MS. STANTON**, at the hands of law enforcement officials, for days, weeks and months after **MS. STANTON'S** release from custody.

37. The **STANTONS** could not afford, but somehow managed to hire an attorney, to represent her in a D.U.I. charge in Lawrence County, Tennessee.

7

38. Then the **STANTON PARENTS** had no choice but to explain all the aforestated horrible events to their immediate families and closest friends, because their family and friends could sense the **STANTONS** were "not themselves' for months after the arrest.

39. In about September 2024 **MR. AND MRS. STANTON** learned from the Tennessee Bureau of Investigation Lab the results of **MS. STANTON'S** blood draw, on May 27, 2024. <u>After four (4) months of waiting…</u>
**RESULTS: ETHYL ALCOHOL: NEGATIVE – NO BASIC DRUGS DETECTED**.

40. On September 16, 2024, the prosecutor for Lawrence County, Tennessee agreed to Nolle Pros all charges against **JILLIAN STANTON**, and a judge for the Twenty Second Judicial District of Tennessee; signed his approval of Nolle Pros, on September 18, 2024.

41. On October 8, 2024, **MR. AND MRS. STANTON**, were notified by counsel that all charges being Nollied, were approved by a judge.

## V. CAUSES OF ACTION
## CLAIMS OF DAMAGES (*42 U.S.C. § 1983*)

### FALSE ARREST

42. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1-41.
43. Any officer who has received any amount of correct, proper D.U.I. training should have easily seen that **JILLIAN STANTON**, was not under the influence of any intoxicant on May 27, 2024.

8

44. Yet, **OFFICER JOSEPH FRAZIER**, and **UNKNOWN OFFICER**, arrested **MS. STANTON** for D.U.I.; changing her life, her husband's life, and the lives of the **STANTON CHILDREN forever**.

45. **OFFICER FRAZIER** had no correct, established, or articulable probable cause, no proof, that could sustain a lawful arrest of **JILLIAN STANTON**, in front of her family on May 27, 2024.

46. Yet, **OFFICER JOSEPH FRAZIER, UNKNOWN OFFICER** and the City of **ETHRIDGE, TENNESSEE**; acting under color of law, committed the offense of a false arrest, upon **JILLIAN STANTON**, on May 27, 2024; in violation of her *Fourth, Fifth and Fourteenth Amendments of the United States Constitution*.

## UNLAWFUL SEIZURE AND SEARCH OF JILLIAN STANTON

47. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1-46.

48. **DEFENDANT OFFICERS** unlawfully seized **JILLIAN STANTON**, searched her person, then caused her blood to be withdrawn from her body, without probable cause, or a warrant to authorize said searches; in violation of **MS. STANTON'S** *Fourth, Fifth and Fourteenth Amendment Rights, under the United States Constitution*.

## ASSAULT AND BATTERY

49. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1-48.

9

50. When **DEFENDANT OFFICERS** unlawfully placed their hands upon **JILLIAN STANTON**, then handcuffed her, said officers committed Assault and Battery, upon **MS. STANTON**.

51. When **DEFENDANT OFFICERS** searched **MS. STANTON**, and placed her into **DEFENDANT CITY OF ETHERIDGE'S** police vehicle, the **OFFICERS** again committed Assault and Battery upon **MS. STANTON**, in clear view of **MS. STANTON'S** entire immediate family.

52. When **DEFENDANT OFFICERS** later placed **MS. STANTON** into a locked holding cell, again Assault and Battery were committed upon **MS. STANTON**.

## VI. NEGLIGENT HIRING, TRAINING AND RETENTION OF POLICE OFFICIALS

53. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1-52.

54. **PLAINTIFFS** allege that the city of **ETHRIDGE, TENNESSEE**, and it's **POLICE CHIEF**, were negligent in hiring police officials, to include **DEFENDANT OFFICER FRAZIER**, who violated citizens' constitutional rights, to include these **PLAINTIFFS**.

55. **PLAINTIFFS** assert that the City/Town of **ETHRIDGE, TENNESSEE**, were negligent in its' training of its' police officers, to include **OFFICER JOSEPH FRAZIER**, that resulted in its' police officers violating the constitutional rights of citizens, to include these **PLAINTIFFS**.

56. **PLAINTIFFS** assert that the City/Town of **ETHRIDGE, TENNESSEE**, and its' **POLICE CHIEF**, were negligent in its' retention of police officers, to include **OFFICER JOSEPH FRAZIER**, that resulted in an atmosphere of deliberate indifference of police officials, within that City, that directly resulted in violations of citizens, constitutional rights, to include these **PLAINTIFFS**.

## FALSE IMPRISONMENT

57. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1-56.

58. When **DEFENDANTS** placed **MS. STANTON** into an inescapable police vehicle, following an unlawful arrest, said actions establish a False Imprisonment upon **MS. STANTON**, in violation of her *Fourth, Fifth, Eighth, and Fourteenth Amendment Rights secured by our United States Constitution*.

59. When **DEFENDANTS** placed, **MS. STANTON** into **DEFENDANTS'** holding cell, with no communication with her husband and children, **for hours**, the **DEFENDANTS** committed False Imprisonment, against **MS. STANTON**, in violation of **MS. STANTON'S** right to be free, from unlawful imprisonment by the government, in violation of her *Fourth, Fifth, Eighth, and Fourteenth Amendment Rights of our United States Constitution*.

60. When **DEFENDANTS** kept **MS. STANTON** behind locked door(s), to nurse her infant child, the **DEFENDANTS** committed False Imprisonment against **MS. STANTON, and her infant son**, C. STANTON.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1 through 60.

62. **DEFENDANTS** intentionally and deliberately inflicted emotional distress on all **PLAINTIFFS** in this matter, by maliciously prosecuting **PLAINTIFF, MS. STANTON**, by abusing the lawful process, by unlawful purpose, and by violating **JILLIAN STANTON'S** Constitutional rights.

63. **DEFENDANTS** knew, or should have known, that emotional distress was the probable result of their conduct, as to all **PLAINTIFFS** in this matter.

64. **DEFENDANTS** conduct was extreme and outrageous, beyond all reasonable bounds of decency, and was utterly intolerable in a civilized community.

11

Case 1:25-cv-00032   Document 1   Filed 05/12/25   Page 11 of 15 PageID #: 11

65. The intentional actions of the **DEFENDANTS** were the direct result of all the **PLAINTIFFS'** emotional distress.

66. The emotional distress sustained by all **PLAINTIFFS** was severe, and of a nature that no reasonable person should be expected to endure.

67. As a result of the **DEFENDANTS'** extreme and outrageous conduct, **PLAINTIFFS** were, are and with a high degree of likelihood, will continue to be emotionally distressed due to the intentional acts of **DEFENDANTS**, will continue suffering from mental pain and anguish, severe emotional trauma, embarrassment, and humiliation, for years to come.

68. Each of the **STANTON** minor children have suffered extreme emotional distress as a direct result of their mother being arrested, taken away from the children, being locked away from her children for hours, by the **DEFENDANTS**.

69. The **STANTON** children continue now to display fear of police officials, darkness, going to sleep without their mother and more.

70. All of the **STANTON** children continue to display fear of being away from their mother, trusting non family members, sleeplessness, and nightmares.

## RECKLESS INFLICTION OF EMOTIONAL DISTRESS

71. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1 through 70.

72. **DEFENDANTS** recklessly and deliberately inflicted emotional distress on all **PLAINTIFFS** in this matter, by arresting, by maliciously prosecuting **PLAINTIFF, MS. STANTON**, by abusing the lawful process, by unlawful purpose, and by violating **JILLIAN STANTON'S** Constitutional rights.

73. **DEFENDANTS** knew, or should have known, that emotional distress was the probable result of their conduct, as to all **PLAINTIFFS** in this matter.

74. **DEFENDANTS** conduct was extreme and outrageous, beyond all reasonable bounds of decency, and was utterly intolerable in a civilized community.

75. The reckless actions of the **DEFENDANTS** were the direct cause of all **PLAINTIFFS'** emotional distress.

76. The emotional distress sustained by **all PLAINTIFFS** was severe, and of a nature that no reasonable person should be expected to endure.

77. As a result of the **DEFENDANTS'** extreme and outrageous conduct, **PLAINTIFFS** were, are and with a high degree of likelihood, will continue to be emotionally distressed due to the reckless acts of **DEFENDANTS**, will continue suffering from mental pain and anguish, severe emotional trauma, embarrassment, and humiliation, for years to come.

78. Each of the **STANTON** minor children have suffered extreme emotional distress as a direct result of their mother being arrested, taken away from the children, locked into a holding facility for hours, by the **DEFENDANTS**.

79. **All** of the **STANTON** children display fear of police officials, darkness, nightmares, and going to sleep without their mother.

80. **All** of the **STANTON** children display fear of being away from their mother, and trusting non family members, and daily anxiety.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81. **PLAINTIFFS** re-allege and incorporate by reference paragraphs 1 through 80.

82. **DEFENDANTS** negligently and deliberately inflicted emotional distress on all **PLAINTIFFS** in this matter, by arresting and maliciously prosecuting **PLAINTIFF, MS. STANTON**, by abusing the lawful process, by unlawful purpose, and by violating **JILLIAN STANTON'S** Constitutional rights.

83. **DEFENDANTS** knew, or should have known, that emotional distress was the probable result of their conduct, as to all **PLAINTIFFS** in this matter.

84. **DEFENDANTS** conduct was extreme and outrageous, beyond any reasonable bounds of decency, and was utterly intolerable in a civilized community.

85. The intentional actions of the **DEFENDANTS** were the direct cause of **all PLAINTIFFS'** emotional distress.

86. The emotional distress sustained by all **PLAINTIFFS** was severe, and of a nature that no reasonable person should be expected to endure.

87. As a result of the **DEFENDANTS'** extreme and outrageous conduct, **PLAINTIFFS** were, are and with a high degree of likelihood, will continue to be emotionally distressed due to the intentional acts of **DEFENDANTS**, will continue suffering from mental pain and anguish, severe emotional trauma, embarrassment, and humiliation, for years to come.

88. Each of the **STANTON** minor children have suffered extreme emotional distress as a direct result of their mother being arrested, taken away from the children, locked into a holding facility for hours, by the **DEFENDANTS**.

89. The **STANTON** children display fear of police officials, darkness, going to sleep without their mother and more.

90. All of the **STANTON** children display fear of being away from their mother, fear of trusting non family members, and daily anxiety.

**WHEREFORE, PLAINTIFFS' CLAIMS HERE STATED, PLAINTIFFS NOW PRAY AS FOLLOWS:**

1. That the **DEFENDANTS** be served and required to answer within the time allowed by law;

2. A declaration that the acts of the **DEFENDANTS** stated herein, violated these **PLAINTIFFS** rights under the United States Constitution, the laws of the United States, and of the State of Tennessee;

3. That each **PLAINTIFF** be awarded damages in the amount of $250,000 for pain and suffering, emotional trauma, mental anguish, stress, anxiety, humiliation, out of pocket expenses, and related damages;

4. That the **PLAINTIFFS** be awarded punitive damages in an amount to be determined by the jury;

5. That the **ETHRIDGE POLICE DEPARTMENT** be required to undergo probable cause stop training, D.U.I. stop training, and extensive training in the roadside investigation, of D.U.I. suspects;

6. That the **PLAINTIFFS** be awarded all costs of this action, including discretionary costs, pursuant to *Rule 54 of the Federal Rules of Civil Procedure*;

7. Award reasonable attorneys' fees pursuant to *42 U.S.C. § 1983 et seq;*

8. That a jury of twelve be impaneled to hear this cause; and

9. That the **PLAINTIFFS** be awarded such other, further relief, to which they may be entitled.

Respectfully submitted,

FRIZZELL & FRIZZELL, PLLC

*/s/ Terry S. Frizzell*

TERRY S. FRIZZELL TBPR#22484
Attorney for the **PLAINTIFFS STANTONS**
131 Maple Row Blvd.
Building C, Suite 301
Hendersonville, TN 37075
Tel (615) 824-7163
becky.frizzell@comcast.net

15